John A. Vincent, Appellant *v.* Redevelopment Authority of the County of Washington, Appellee.

Argued November 15, 1984, to Judges WILLIAMS, JR. and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*Arthur J. Smith,* with him, *William P. Bresnahan,* for appellant.

*Frank A. Conte,* for appellee.

Opinion by Judge Doyle, February 11, 1985:

John A. Vincent (Appellant) appeals from the order of the Washington County Court of Common Pleas, which reversed an order of the Board of Viewers awarding him damages in a condemnation case.

Appellant was the occupant of a property in Canonsburg, Pennsylvania pursuant to a written month-to-month lease entered into between Appellant and William L. and Ruth B. Bailey (Bailey). Under the terms of the lease, the tenant was to have the right of first refusal in the event of the sale of the property, but the lease was to become null and void in the event of any condemnation proceedings. These pertinent provisions of the lease were contained in the following clause.

> It is understood and agreed by all parties that in the event of any condemnation proceedings, this lease becomes null and void and all the property rights revert to the Lessor or Landlord, including all improvements and betterments or physical property attached to or a part of the building.

On April 12, 1977, Bailey entered into a sales agreement with the Redevelopment Authority of Washing-

ton County (Authority), which conveyed the subject property under a deed "in lieu of condemnation."[1]

After receiving dislocation damages, Appellant filed a petition for appointment of a Board of Viewers, alleging further damages as a result of the loss of his right of first refusal contained in the lease agreement. After a hearing, the Board of Viewers awarded Appellant $2,500.00, representing the value of the right of first refusal. Both parties appealed to the court of common pleas; the Appellant on the basis that the Viewers' award was inadequate, the Authority on the basis that an award was made. After a pretrial conference, the court of common pleas simply dismissed the appeal, and both parties filed exceptions. The court en banc sustained the Authority's exceptions and reversed the Board of Viewers' award, finding that Appellant had no right of first refusal. The court reasoned that the conveyance of the property by deed in lieu of condemnation was a "condemnation proceeding" which, under the terms of the lease's condemnation clause, had terminated the lease agreement. Appeal to this court followed.[2]

Appellant argues that the condemnation clause in the lease agreement did not take effect because the Authority never properly instituted condemnation proceedings in the manner required by Section 402(a) of the Eminent Domain Code[3] (Code).

---

[1] The Board of Viewers adopted this finding of fact from the stipulation of the parties themselves.

[2] Our Court's scope of review in a condemnation case is limited to a determination of whether the trial court abused its discretion, whether an error of law was committed, or whether the findings and conclusions are supported by sufficient evidence. *Baker v. County of Allegheny*, 49 Pa. Commonwealth Ct. 640, 412 A.2d 190 (1980).

[3] Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-402(a).

Section 402(a) of the Code requires that a declaration of taking be filed before any actual condemnation takes place. The language in the lease, however, does not state that the lease becomes null and void upon an actual condemnation or actual taking, but rather upon "any condemnation *proceedings*" (emphasis added). The record in this case suggests the Authority had passed a resolution indicating its intention to acquire the subject property by condemnation. In addition, the parties themselves have stipulated that the deed entered into between the Authority and Bailey was in lieu of this intended condemnation.

It was reasonable to interpret these events as part of a proceeding which was directed toward condemnation, and which, indeed, would have resulted in the same but for the conveyance of the property by deed. Thus, the court of common pleas was correct in concluding that the events culminating in the conveyance by deed in lieu of condemnation constituted a "condemnation proceeding" which had the effect of voiding the other terms of the lease.[4] It follows therefore that the Appellant had no right of first refusal under the lease, and the court properly reversed the award of the Board of Viewers.

Accordingly, we affirm the order of the court sustaining the exceptions of the Authority.

## ORDER

Now, February 11, 1985, the order of the Court of Common Pleas of Washington County, in the above

---

[4] Although the Code intends to set forth the exclusive procedure for effecting an actual condemnation, it did not intend to affect "the method by which [a condemnor] proceeds to authorize a condemnation." *See* comment to Section 402 of the Code, Joint State Government Commission. Thus, the Code recognizes that some "condemnation proceedings" precede the actual taking, such as those described in this case, which are not covered under the Code.

referenced matter, No. 200 March Term, 1979, dated May 2, 1983, is hereby affirmed.

This decision was reached prior to the resignation of Judge WILLIAMS, JR.